IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SIEG and DEANNA SIEG, | : No. 3:10cv606 |
| Plaintiffs | : |
| | : (Judge Munley) |
| v. | : |
| | : |
| SEARS ROEBUCK & COMPANY and LEVITON MANUFACTURING COMPANY, | : |
| Defendants | : |
| | : |
| v. | : |
| | : |
| PRIMAX ELECTRONICS, LTD., | : |
| Third-Party Defendant | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court are Defendant Leviton Manufacturing's (hereinafter "Leviton") motion for reconsideration (Doc. 45) and its motion to supplement its motion for reconsideration (Doc. 48). In its first motion, Leviton moves for reconsideration of the court's February 24, 2012 Memorandum and Order (Doc. 43) in which Leviton's third-party complaint against Primax Electronics, Ltd. (hereinafter "Primax") was dismissed. Leviton also makes two requests in the alternative in its motion for reconsideration. The first request in the alternative is for a jurisdictional hearing. Leviton's second request in the alternative is for the court to amend its February 24, 2012 Order to allow for immediate appeal. In its motion to supplement its motion for reconsideration, Leviton seeks to provide additional information to the court regarding two Pennsylvania state court cases. These motions have been fully briefed and

are ripe for disposition.  For the following reasons, these motions will be denied.

**A.  Motion for Reconsideration (Doc. 45)**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1983)); see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  To succeed on a motion for reconsideration, a movant must demonstrate one of the following three grounds (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice.  Max's Seafood Café, 176 F.3d at 677.  A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

In the Memorandum and Order dated February 24, 2012, the court dismissed Leviton's third-party complaint against Primax pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  The court found that Leviton failed to establish that Primax purposefully availed itself of the Pennsylvania market in a way related to the instant litigation.  (Doc. 43, Mem. & Order dated Feb. 24, 2012 at 18).  The court reached this conclusion

after applying both "stream of commerce" standards from Asahi Metal Industry Company v. Superior Court of California, 480 U.S. 102 (1987).[1]

In its instant motions, Leviton requests that the court reconsider its previous finding that Leviton failed to establish personal jurisdiction under either Asahi standard. Leviton claims that the court overlooked arguments it previously made and that reversal is required to prevent a clear error of law and a manifest injustice. The court will deny Leviton's motion to reconsider because all arguments previously presented were thoroughly considered and rejected, as is explained in the February 24, 2012 Memorandum and Order.[2]

---

[1] Courts sitting in the Third Circuit apply the Justice O'Connor and Justice Brennan standards from Asahi in assessing whether personal jurisdiction exists under the stream of commerce theory. See Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 207 n.11 (3d Cir. 1998). Although a majority of the United States Supreme Court has yet to reach a decision on the continued validity of the more liberal approach to determining personal jurisdiction, as espoused by Justice Brennan in Asahi, a majority of the court agrees that personal jurisdiction cannot be exercised over a manufacturer that fails both Asahi standards. See generally J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780 (2011).

[2] Leviton largely repeated its allegations with respect to Primax's awareness of the sale of its products throughout the United States. However, in its brief in support of its motion for reconsideration, Leviton asserts the new allegation that "Primax manufactured the power tap at its facilities in Taiwan, shipped the product 'F.O.B.' Taiwan to one of its U.S. distributors, Leviton, in California, which sent the product to a regional dealer, Sears, who then sold the product to end purchasers, including those, such as Plaintiffs, in Pennsylvania." (Doc. 46, Br. in Supp. of Mot. for Recons. at 11). This is the first time that Leviton, or any party to the action, alleged that the product was actually sold in Pennsylvania. Asserting previously neglected allegations is not a valid basis for a motion for reconsideration. See Max's Seafood Café,

Leviton requests, in the alternative, that the court hold a jurisdictional hearing in which Leviton wishes to "show that Primax purposefully availed itself of the forum with regard to this particular product." (Doc. 46, Br. in Supp. of Mot. for Recons. at 19). Leviton seeks the testimony of Primax officials at this hearing, and Leviton indicated that it would like to further discuss the 2002 and 2003 Pennsylvania state court cases in which Primax was a defendant. The material Leviton seeks to present before the court at this hearing was available prior to our February 24, 2012 Memorandum and Order. Parties may not introduce evidence and urge the court to rethink its prior decision when that evidence was available at the time of the Order. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251-52 (3d Cir. 2010) (holding that a district court did not abuse its discretion in denying a motion for reconsideration premised on a party's desire to submit evidence that it inexplicably failed to previously submit). Like motions for reconsideration, hearings held after an adverse order is handed down are not the appropriate means by which to introduce evidence available at the time of

---

176 F.3d at 677. Notwithstanding the fact that this allegation is made here for the first time, the court notes that Leviton has not alleged the quantity of Primax products that have traveled down this alleged tributary in the stream of commerce. Whether the relocatable power tap at issue was a part of the regular flow of goods to the Pennsylvania market, or whether it was a part of a small outlier shipment are important considerations in assessing whether there is personal jurisdiction under the stream of commerce theory. (See Doc. 43, Mem. & Order dated Feb. 24, 2012 at 17).

the adverse ruling.

Leviton also requests in the alternative that the court amend our Order dated February 24, 2012 to allow for certification of an immediate appeal pursuant to 28 U.S.C. § 1291 or 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1291, the Circuit Courts of Appeals of the United States are provided with jurisdiction over appeals from all final decisions of the district courts. 28 U.S.C. § 1291. In a case with multiple parties and claims, an order that disposes of fewer than all of the claims and parties is not deemed "final." Carter v. City of Phila., 181 F.3d 339, 343 (3d Cir. 1999). Federal Rule of Civil Procedure 54(b), however, allows for orders disposing of fewer than all of the parties and claims in a case to be deemed "final" for the purposes of § 1291 when the court expressly determines that there is no just reason for the delay in the appeal. See id. (citing FED. R. CIV. P. 54(b)). The Third Circuit Court of Appeals has explained that Rule 54(b) was designed "'to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quoting Allis-Chalmers Corp. v. Phila. Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975)). "The party seeking Rule 54(b) certification bears the burden of demonstrating that its is the 'infrequent harsh case meriting a favorable exercise of discretion.'" U.S. Claims, Inc. v. Flomenhaft & Cannata, LLC, 519 F. Supp. 2d 515, 531 (E.D. Pa. 2006) (quoting Allis-Chalmers Corp., 521 F.2d at 365); see

5

also Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1003 (3d Cir. 1992).

In its request for certification, Leviton only mentioned Rule 54(b) in the parenthesis of a string citation, and it did not attempt to explain why this is an "infrequent harsh case." The court can only glean from the other motions Leviton filed that, as is mentioned above, Leviton seeks appeal to re-argue its jurisdictional claims with the support of additional evidence and allegations. Leviton has not carried its burden of establishing that this an "infrequent harsh case." Furthermore, the court notes that certifying this case for appeal would likely delay plaintiffs' case, which was initiated in early 2010, from proceeding. Thus, the interests of sound judicial administration and discouraging piecemeal litigation are not furthered by granting certification in this case.

The court also disagrees with Leviton's contention that an interlocutory appeal is proper under 28 U.S.C. § 1292(b). This section provides, in part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . . .

28 U.S.C. § 1292(b). Certification of an interlocutory appeal pursuant to Section 1292(b) "is not to be granted routinely, but is to be used in the rare cases where an immediate appeal will avoid costly and protracted litigation."

6

Bush v. Adams, 629 F. Supp. 2d 468, 474 (E.D. Pa. 2009) (citing Sporck v. Peil, 759 F.2d 312, 315 n.4 (3d Cir. 1985)).  All of the factors of Section 1292(b) must be satisfied for the certification of interlocutory appeal to be proper.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

When this standard is applied, the court finds that the necessary factors of Section 1292(b) are not satisfied, specifically the second and third factors.  With respect to the second factor, that "there is substantial ground for difference of opinion," Leviton cites the fact that a majority of the Supreme Court has yet to adopt one of the personal jurisdiction standards from Asahi.  Although this is true, the court applied both standards from Asahi when it dismissed Primax.  (Doc. 43, Mem. & Order dated Feb. 24, 2012 at 18).  Courts agree that personal jurisdiction cannot be maintained when a party fails to meet both the more stringent and less stringent standards from Asahi.  (See supra note 1).

Furthermore, with respect to the third factor, it is unlikely that an interlocutory appeal would materially advance the ultimate termination of the litigation.  Although Leviton asserts that Primax's inclusion in this lawsuit would increase the probability of settlement, it is far from certain that Leviton would succeed on appeal and, if it is successful, that the case would settle before trial.  Additionally, the issues to be tried will remain the same whether Primax is a party to this action or not.  Therefore, this is not a rare case that fits into the exception to our strong policy against piecemeal litigation.

**B. Motion to Supplement the Motion for Reconsideration (Doc. 48)**

Similar to its motion for reconsideration, Leviton's request to supplement its motion for reconsideration will be denied. This motion amounts to nothing more than an argument for reconsideration based on newly presented evidence–pleadings from two nearly decade old Pennsylvania state court cases–that was available at the time the parties briefed the motion to dismiss. See Martsolf v. Brown, 457 F. App'x 167, 170 (3d Cir. 2012) (finding that a "district court does not abuse its discretion when it declines to grant reconsideration based on new evidence that a party inexcusably failed to produce before the matter was decided.").

Even if the supplemental brief is considered, and Leviton is, in essence, granted a do-over, the court is nonetheless unconvinced that it would help Leviton's cause. Leviton seeks to establish that Primax was aware that it was subject to suit in Pennsylvania in late 2008 because it was a party to products liability cases (in 2002 and 2003) involving products similar to the one at issue in this case. The 2002 and 2003 complaints attached to the supplemental brief are not much more persuasive on the issue of purposeful availment than the docket sheets attached as exhibits to Leviton's brief in opposition to the motion to dismiss. (See Doc. 35-4, Ex. C, Dockets & Pleadings). It remains true, as it was when the court first addressed this issue, that involvement in previous litigation in the forum state represents, at best, tenuous evidence of specific jurisdiction. This is especially true when that litigation occurred years

ago, is seemingly unrelated to the distribution system in question, and involves different parties.  (See Doc. 43, Mem & Order dated Feb. 24, 2012 at 14-15).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SIEG and DEANNA SIEG, | : No. 3:10cv606 |
| Plaintiffs | : (Judge Munley) |
| v. | : |
| SEARS ROEBUCK & COMPANY and LEVITON MANUFACTURING COMPANY, | : |
| Defendants | : |
| v. | : |
| PRIMAX ELECTRONICS, LTD., | : |
| Third-Party Defendant | : |

## ORDER

**AND NOW,** to wit, this 11th day of May 2012, Defendant Leviton Manufacturing's motion for reconsideration (Doc. 45) and its motion to supplement its motion for reconsideration (Doc. 48) are hereby **DENIED**.

                                     **BY THE COURT:**

                                     s/ James M. Munley
                                   **JUDGE JAMES M. MUNLEY**
                                   **United States District Court**